Senator Paul B. Benham, Jr. Post Office Box 477 Marianna, AR 72360
Dear Senator Benham:
This is in response to your request for an opinion on the following question:
 Is it a conflict of interest for the owner and operator of a funeral home to serve as the county coroner?
It is my opinion that the county coroner's ownership of a funeral home does not, in itself, necessarily create an unlawful conflict of interest.
Factual questions may arise, however, under A.C.A. 14-14-1202
(ethics for county government officers and employees). The Code section states, in pertinent part:
 (a) PUBLIC TRUST. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally. . . .
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county. If, in the purchase of any materials, supplies, equipment, or machinery for the county, any discounts, credits, or allowances are given or allowed, they shall be for the benefit of the county. It shall be unlawful for any officer or employee to accept or retain them for his own use or benefit;
 (B) Be a purchaser at any sale nor a vendor of any purchase made by him in his official capacity;
 (C) Acquire an interest in any business or undertaking which he has reason to believe may be directly affected to its economic benefit by official action to be taken by county government;
 (D) Perform an official act directly affecting a business or other undertaking to its economic detriment when he has a substantial financial interest in a competing firm or undertaking. Substantial financial interest is defined for purposes of this section as provided in Acts 1971, No. 313, 7 (Repealed).
Thus, for example, if the county in any way subsidizes the funeral home, a conflict would arise under Section 14-14-1202(c)(1)(A) (Supp. 1989).* ___________. * A county may, however, under "unusual circumstances," allow purchases of goods or services from county officers or employees if it is determined to be in the best interest of the county. A.C.A. 14-14-1202(c)(2)(A) (Supp. 1989). The ordinance permitting such purchases must specifically define the "unusual circumstances." ___________.
While a conflict may therefore arise under certain facts, each case must be considered on an individual basis. All of the particular circumstances must be considered when making a determination as to whether or not A.C.A. 14-14-1202 has been violated. This type of factual inquiry is ordinarily not within the province of an Attorney General opinion, but rather should be directed to the county prosecuting attorney.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.